NOT FOR PUBLICATION                    (Docket Entry No. 7)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

```
_____ :
                                :
ESTATE OF AJARON MILLNER,       :
et al.,                         :
                                :
           Plaintiffs,          :   Civil No. 05-3164 (RBK)
                                :
        v.                      :   OPINION
                                :
BAYADA NURSES, INC., a New      :
Jersey Corporation,             :
           Defendants.          :
_____ :
```

**KUGLER,** United States District Judge:

This matter comes before the Court upon motion by Defendant Alpine Medical ("Defendant" or "Alpine Medical"), for judgment on the pleadings of the claims of Plaintiffs Estate of Ajaron Millner, et al. ("Plaintiffs"), under Federal Rule of Civil Procedure ("Rule") 12(c) for failure to join indispensable parties as required by Rule 19. For the reasons set forth below, Defendant's motion will be granted in part and denied in part.

## I.   Background

Plaintiffs' claims arise from the death of five-year old Ajaron Millner ("Millner") on July 2, 2002, from prolonged oxygen deprivation when his LTV-950 Series Ventilator machine failed to operate properly. Plaintiffs allege that the malfunction occurred when a plastic hose connecting the ventilator's humidifier to an

outlet port disconnected from the humidifier.

Plaintiffs filed suit in Camden County Superior Court on July 1, 2004, against Pulmonetic Systems, Inc. ("Pulmonetic"), the manufacturer of the LTV-950 Series Ventilator, and Bayada Nurses, Inc. ("BNI"), and BNI employee Patricia Clancy, R.N. ("Nurse Clancy"), who provided home nursing care to Millner before his death. Plaintiffs also sued Defendant Alpine Medical, the corporation allegedly responsible for selling and maintaining Millner's ventilator.

BNI and Nurse Clancy were dismissed on March 18, 2005, for Plaintiffs' failure to obtain an Affidavit of Merit, and Defendant Alpine Medical was dismissed on February 4, 2005, for Plaintiffs' failure to answer interrogatories. Pulmonetic was never served with the Complaint, and it appears that the statute of limitations has now expired.

The case against Alpine Medical was reinstated on May 27, 2005, leaving Alpine Medical the only remaining Defendant in this suit. Alpine Medical removed the litigation to this Court on June 21, 2005, on the basis of diversity jurisdiction. Defendant now moves to dismiss for failure to join Pulmonetic, the manufacturer of the allegedly malfunctioning ventilator. Instead of directly opposing Defendant's arguments, Plaintiffs submitted a two-page letter brief asserting that their sole claim against Alpine Medical is for improper maintenance of the ventilator, rather

than for a defective product.

## II.  Standard

A Rule 12(c) motion for judgment on the pleadings is treated the same as a motion under Rule 12(b)(6). Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). The court "may grant such a motion only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Carino v. Stefan, 376 F.3d 156, 159 (3d Cir. 2004)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). All allegations in the complaint must be accepted as true and the court must draw all inferences in favor of the plaintiff. Id.; see also Gallas v. Supreme Ct. of Pennsylvania, 211 F.3d 760, 768 (3d Cir. 2000).

## III. Analysis

Alpine Medical contends that Pulmonetic's absence from the suit mandates dismissal under Rule 19. In particular, Alpine Medical suggests that because the "key issue in the case is whether the design of the LTV-950 Series Ventilator was defective and unreasonably dangerous," and because "Alpine Medical has been sued only as the supplier of Pulmonetic Systems' alleged defective product," Pulmonetic is a necessary and indispensable party.[1] (Def.'s Mot. in Supp. J. on Pleadings ("Mot.") at 13, 2.)

---

[1] The term "necessary party" is a remnant from an older version of Rule 19. The current version of the rule employs the (continued...)

3

In response, Plaintiffs challenge Defendant's characterization of the suit as one for product liability, and argue that the focus of the litigation is on Alpine Medical's negligence in maintaining and servicing the LTV-950 Series Ventilator. (Pls.' Opp'n to Def.'s Mot. ("Opp'n") at 1.) They assert that because Alpine Medical's defense "will concern its own actions only in failing to properly maintain the subject machine," Pulmonetic is not a necessary or indispensable party. (Opp'n at 2.) Plaintiffs do not address the viability of Defendant's Rule 19 argument in light of a product liability claim.

This Court is under no obligation to raise legal arguments overlooked or ignored by the parties. <u>Office of Pers. Mgmt. v. Richmond</u>, 496 U.S. 414, 441 (1990) (Marshall, J., dissenting) ("The courts' general refusal to consider arguments not raised by the parties, for example, is founded in part on the need to ensure that each party has fair notice of the arguments to which he must respond."); <u>Farnham v. Windle</u>, 918 F.2d 47, 51 (7th Cir. 1990) (failure to raise legal argument in opposition to motion to

---

[1](...continued)

phrase "joined if feasible" in lieu of the word "necessary," however, courts and litigants often persist in applying the older term. <u>Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.</u>, 11 F.3d 399, 404 (3d Cir. 1993) (citing <u>Provident Tradesmens Bank & Trust Co. v. Patterson</u>, 390 U.S. 102, 116 n.12 (1968) ("Where the new version [of Rule 19] emphasizes the pragmatic consideration of the effects of the alternatives of proceeding or dismissing, the older version tended to emphasize classification of parties as 'necessary' or 'indispensable.'").

dismiss results in waiver). Consequently, because Plaintiffs do not oppose Defendant's arguments for dismissal of their product liability claims and because Plaintiffs concede that their sole claim against Alpine Medical lies in its alleged failure to properly maintain the ventilator,[2] Plaintiffs' claims will be dismissed to the extent that they contend that the ventilator was defective.

Accordingly, the sole remaining issue is whether Pulmonetic is a necessary and indispensable party to Plaintiffs' claim that Alpine Medical failed to adequately maintain the ventilator.

## A.    Rule 19 Analysis

Application of Rule 19 is a two-step process: the court must first determine whether the missing person is one who must be "joined if feasible" under the criteria of Rule 19(a). If the person meets the "joined if feasible" criteria, the court must

---

[2] Plaintiffs state:
The Complaint herein clearly alleges, and plaintiff's theory of liability rests upon defendant Alpine Medical's failure to properly service and maintain the LTV 950 Series Ventilator in such a manner so as to ensure the proper working of the plastic hose clamp which had become disconnected, with loss of oxygen for the decedent. Plaintiff has alleged in the Complaint and intends to prove that poor machine maintenance on the part of Alpine, and not a situation involving a defective product, resulted in the machine having malfunctioned.
(Opp. at 2.)

order joinder. If joinder is not possible, the court must ascertain whether the action can continue in "equity and good conscience," and must dismiss the action should it find the party "indispensable." Fed. R. Civ. P. 19; Shetter v. Amerada Hess Corp., 14 F.3d 934, 938 (3d Cir. 1994). The burden of demonstrating the indispensability of absent persons is on the party moving for dismissal. John Hancock Prop. & Cas. Co. v. Hanover Ins. Co., 859 F. Supp. 165, 168 (E.D. Pa. 1994) (citing Whyham v. Piper Aircraft Corp., 96 F.R.D. 557, 560 (M.D.Pa. 1982)).

> A party must be joined if feasible if:
> (1) in the person's absence complete relief cannot be
> accorded among those already parties, or (2) the person
> claims an interest relating to the subject of the
> action and is so situated that the disposition of the
> action in the person's absence may (i) as a practical
> matter impair or impede the person's ability to protect
> that interest or (ii) leave any of the persons already
> parties subject to a substantial risk of incurring
> double, multiple, or otherwise inconsistent obligations
> by reason of the claimed interest.

Fed. R. Civ. P. 19(a); HB General Corp. v. Manchester Partners, L.P., 95 F.3d 1185, 1190 (3d Cir. 1996). In other words, "[t]he question before us is whether the district court could give complete relief to the parties before it without prejudice to them or the absent person." Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 402 (3d Cir. 1993) (holding co-obligor not necessary party).

In the Rule 19(a)(1) analysis, "complete relief" is with

regard to the present parties only. <u>McCartney v. Ford Motor Co.</u>, 2002 WL 363415, *2 (E.D. Pa. 2002) (noting that the better interpretation requires "joinder when nonjoinder precludes the court from effecting relief not in some overall sense, but between current parties only.") (citing <u>Angst v. Royal Maccabees Life Ins. Co.</u>, 77 F.3d 701, 705 (3d Cir. 1996) ("Completeness is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought."). Consequently, the issue is whether Pulmonetic's absence could preclude relief for Plaintiff's claims of improper maintenance by Alpine Medical. Defendant provides no plausible explanation to support this scenario.

Defendant argues that complete relief cannot be accorded without Pulmonetic because its absence will render the parties unable to prove or disprove culpability. Defendant's argument appears grounded in an assumption that if Pulmonetic is not a party to the litigation, "there will be no evidence regarding the design or manufacture of the ventilator." (Mot. at 13.) However, Defendant provides no legal grounds to support the theory that Pulmonetic's absence would inhibit discovery and introduction of such information if relevant. There is no indication that Pulmonetic's absence will preclude complete recovery.

Under Rule 19(a)(2)(i), the court considers the effect of the suit on the absent person, namely whether his absence "will

impair or impede his ability to protect his interests." Shetter
v. Amerada Hess Corp., 14 F.3d 934, 940 (3d Cir. 1994). Defendant
argues that Pulmonetic will be prejudiced by losing the
opportunity to defend its machine against claims of defect.
However, Defendant has not established that Pulmonetic would be
affected by a finding of defect, nor would such a finding have
any preclusive effect on Pulmonetic, particularly given the
expiration of the statute of limitations. Janney, 11 F.3d at 409
("[I]t must be shown that some outcome of the federal case . . .
can preclude the absent party with respect to an issue material
to the absent party's rights or duties under standard principles
governing the effect of prior judgments.").

        Nor has Alpine Medical established that Pulmonetic's absence
would result in "substantial risk of incurring double, multiple,
or otherwise inconsistent obligations by reason of the claimed
interest." Id. at 399. Alpine Medical suggests that without
Pulmonetic, Alpine Medical is in jeopardy of a judgment against
it for the defects of a ventilator it neither manufactured nor
designed. However, this argument is mooted by Plaintiff's
concession that the sole remaining claim is for Alpine Medical's
negligence in maintaining the machine. Furthermore, to the extent
that Defendant expresses concern that it faces accountability for
the liability of another, Defendant's arguments are without basis
in the law.

Similarly, Defendant provides no grounds or explanation for its fears that additional suits to allocate liability for Millner's death could lead to inconsistent verdicts. <u>See e.g.</u>, <u>Glades Pharmaceuticals, LLC v. Call, Inc.</u>, WL 563726, *2-3 (E.D. Pa. 2005) (holding joint tortfeasors not "necessary" parties); <u>McCartney v. Ford Motor Co.</u>, 2002 WL 363415, *2 (explaining that plaintiff's failure to bring a separate cause of action against different defendant does not render that defendant necessary to the suit).

Because Pulmonetic's absence does not preclude the relief requested by Plaintiffs, and because such relief neither prejudices Pulmonetic nor subjects Alpine Medical "to a threat of duplicative or inconsistent judgments," Pulmonetic is not a "necessary" party under Rule 19.

Where the district court makes an initial determination that the absent person is not a necessary party under Rule 19(a), the court need not address the party's indispensability under Rule 19(b). <u>Janney</u>, 11 F.3d at 401-02. Accordingly, because Pulmonetic is not a necessary party to the litigation, Defendant Alpine Medical's motion to dismiss will be denied as to Plaintiffs' claims for improper maintenance of the ventilator.

**B.   Defendants' Reply**

In its Reply, Alpine Medical suggests that Plaintiffs' allegations of improper maintenance is a new theory, absent from

the Complaint. Defendant contends that in light of this claim, the suit should be dismissed for Plaintiffs' failure to obtain an Affidavit of Merit against Alpine Medical and for failure to join BNI and Nurse Clancy.

Despite Defendant's statements to the contrary, Plaintiffs articulated this claim previously in Count Two of the Complaint, filed July 1, 2004. Specifically, Count Two alleges that Alpine Medical was

> careless and negligent and reckless in [its] care, maintenance and handling of the said LTV-950 Series Ventilator machine, and in the failure to advise and warn members of the decedent's family concerning the use and operation of said machine and were otherwise careless, negligent and reckless, resulting in said machine not properly operating as required by the decedent.

(Pls.' Compl. at 5-6 ¶ 7.) Consequently, Defendant's contention that the maintenance claim has its origins in Plaintiffs' Opposition is erroneous.

Although Defendant may be permitted to raise new arguments in a Reply when necessary to rebut an Opposition, Defendant cannot raise entirely new grounds for dismissal when it had ample opportunity to do so in the initial motion. CIBC World Markets, Inc. v. Deutsche Bank Sec., Inc., 309 F. Supp. 2d 637, 645 (D.N.J. 2004); Elizabethtown Water Co. v. Hartford Cas. Ins. Co., 998 F. Supp. 447, 458 (D.N.J. 1998) ("It is axiomatic that Reply Briefs should respond to the respondent's arguments or explain a position in the initial brief that the respondent has refuted.")

(citing <u>Egert v. Connecticut Gen. Life Ins. Co.</u>, 900 F.2d 1032, 1035 (7th Cir. 1990) ("[A]rguments withheld until the reply brief ordinarily will not be considered.").

    Although Plaintiffs did include maintenance claims against Alpine Medical in their Complaint, Defendant raised neither the necessity of joining Nurse Clancy and BNI, nor the Affidavit of Merit requirement in its initial motion for judgment on the pleadings. Because Defendant had ample opportunity to raise these arguments and did not do so, this Court will not address the merits of the new arguments in Defendant's Reply.

    The accompanying Order shall enter today.

Dated: <u>  January 30, 2006      s/Robert B. Kugler    </u>
                          ROBERT B. KUGLER
                          United States District Judge